IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   08-cv-01479-REB-MJW

WILLIAM J. HUNSAKER, JR.,

Plaintiff,

v.

JAMES JIMERSON, et al.,

Defendant.

---

**ORDER ON
PLAINTIFF'S MOTION FOR LEAVE TO AMEND AMENDED COMPLAINT AND TO
JOIN ADDITIONAL PARTY (Docket No. 28)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the undersigned pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Robert E. Blackburn on September 4, 2008.  (Docket No. 5).

In the 23-page, 166-paragraph Amended Complaint filed on December 12, 2008 (Docket No. 12), the pro se incarcerated plaintiff raises three claims for relief concerning the censorship of certain publications, the failure to protect him from an assault by another inmate, and the failure to provide dental cleaning on a regular basis.  Now before the court is the plaintiff's Motion for Leave to Amend Amended Complaint and to Join Additional Party (Docket No. 28).  In that motion, plaintiff seeks (1) to add a fourth claim for relief against Warden Kevin Milyard at Sterling Correctional Facility and defendants Zavaras and DOC concerning their alleged failure to ensure that two legal

documents were placed into the mail to plaintiff's attorney, (2) to add averments concerning his appeals regarding the censorship of various publications which allegedly occurred after the Amended Complaint was filed, and (3) to add defendant Milyard as a defendant with respect to the plaintiff's claims for relief.  However, in a Order entered on July 10, 2009 (Docket No. 33), Judge Blackburn granted plaintiff's Motion to Dismiss Fourth Claim for Relief From Plaintiff's Proposed Second Amended Complaint or in the Alternative, Motion For Leave To Amend Plaintiff's Proposed Second Amended Complaint by Withdrawing Plaintiff's Fourth Claim For Relief Therefrom, and the plaintiff's Fourth Claim for relief in his Second Proposed Amended Complaint was dismissed.

Defendants filed a Response (Docket No. 30) in which they assert they have

> litigated this case for some time and [have] expended resources drafting a dispositive motion.  To allow Plaintiff to assert additional claims against a new defendant is prejudicial, particularly where plaintiff has provided no explanation whatsoever as to why amendment did not take place sooner.  He alleges that he discovered the alleged violation on February 28, 2009, yet did not seek leave to amend until May 1, 2009.  In addition, he attempts to add the Facility Warden as a party to claims he asserted when he initially filed this case, yet offers no explanation whatsoever as to why he did not name Milyard in his previous pleadings.

(Docket No. 30 at 2-3, ¶ 7).  In addition, defendants argue that plaintiff's motion is futile for all of the reasons set forth in their pending motion to dismiss.  (Docket No. 17).  They also assert that plaintiff's motion fails to allege sufficient personal participation on behalf of Milyard.  Plaintiff filed a Reply to the Response.  (Docket No. 31).

The court has carefully considered the motion (Docket No. 28), the Response (Docket No. 30), and the Reply (Docket No. 31).  In addition, the court has taken judicial

3

notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings, conclusions, and order.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).  Furthermore, Rule 15(d) "provides that a court may permit a party to serve a supplemental pleading setting forth transactions, occurrences, or events that have happened since the date of the pleading sought to be supplemented.  Motions to supplement are addressed to the sound discretion of the court."  Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir. 1989). "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a). . . ."  Southwest Nurseries, LLC v. Florists Mut. Ins., Inc., 266 F. Supp.2d 1253, 1256 (D. Colo. 2003).

The court finds that the pleading should be permitted to be supplemented to add averments with respect to plaintiff's appeals concerning the censorship of various publications which allegedly occurred after the Amended Complaint was filed.  Such claims are related to the plaintiff's existing first claim for relief, and justice so requires granting leave to so amend the plaintiff's pleading.  In addition, plaintiff shall be permitted to add Warden Milyard as a defendant at this time.

**WHEREFORE,** for the foregoing reasons, it is hereby

4

**ORDERED** that plaintiff's Motion for Leave to Amend Amended Complaint and to Join Additional Party (Docket No. 28) is granted, and the plaintiff shall thus be permitted to add averments with respect to plaintiff's appeals concerning the censorship of various publications which allegedly occurred after the Amended Complaint was filed and to add Warden Kevin Milyard as a defendant.  It is thus further

**ORDERED** that the plaintiff shall forthwith file a Third Amended Complaint that conforms with this Order and Judge Blackburn's July 10, 2009, Order Dismissing Fourth Claim for Relief of Plaintiff's Proposed Second Amended Complaint (Docket No. 33).

Date:  July 29, 2009                                         s/ Michael J. Watanabe
       Denver, Colorado                                      Michael J. Watanabe
                                                             United States Magistrate Judge