IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   08-cv-01479-REB-MJW


WILLIAM J.  HUNSAKER, JR.,

Plaintiff,

v.

JAMES JIMERSON,
MICHELLE NYCZ,
ELIZABETH LIMBRIS,
CATHIE HOLST, individually and in their official capacities as agents and employees of
the Sterling Correctional Facility,
COLORADO DEPARTMENT OF CORRECTIONS, and
ARISTEDES ZAVARAS, individually and in his official capacity as Executive Director of
the Colorado Department of Corrections,

Defendants.


---

## RECOMMENDATION ON
## PLAINTIFF'S VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER AND
## FOR PRELIMINARY INJUNCTION (Docket No. 55)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This case is before this court pursuant to an Order of Reference to United States

Magistrate Judge issued by Judge Robert E. Blackburn on September 4, 2008.  (Docket

No. 5).

On July 9, 2010, this court issued an amended report and recommendation

(Docket No. 57) on the Plaintiff's Motion for Preliminary Injunction (Docket No. 47) and

Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (Docket No. 38).

This court recommended that the plaintiff's motion be denied and that the defendants' motion be granted in part and denied in part, more specifically that all claims be dismissed with prejudice except the claim contained in Claim One concerning the constitutionality of Administrative Regulation ("AR") 300-26 as applied.

Now before the court for a report and recommendation is the plaintiff's Verified Motion for Temporary Restraining Order and for Preliminary Injunction (Docket No. 55), filed on July 9, 2010, in which he alleges two acts of spoliation, namely, the destruction of his March 2010 issue of Maxim magazine and the threatened use of "white out" on a notation written by a mail room officer on a copy of a form given to plaintiff. Plaintiff alleges the following in his motion.

On February 17, 2010, plaintiff was given a Notice of Rejection/Disposition of Mail advising him that his March 2010 issue of Maxim had been sent to the Facility Reading Committee for determination of censorship and/or denial prior to receipt by plaintiff. On March 2, 2010, such magazine was denied. Plaintiff appealed that decision on March 17, 2010. Notwithstanding that pending appeal, sometime after May 3, 2010 (ten days after April 23), plaintiff was given a Notice of Rejection/Disposition of Mail form advising that he had ten days from April 23, 2010, to notify the mail room as to how he wanted to dispose of the magazine. Plaintiff forthwith notified the mail room of his desire to have the magazine mailed to a specified address at his expense, in the same manner he had previously notified the Colorado Department of Corrections ("CDOC") regarding the disposition of more than 70 other magazines previously censored.

After plaintiff allegedly sent such notification, Officer Tafoya gave plaintiff another

copy of the Notice of Rejection/Disposition of Mail form previously provided to plaintiff, but this copy included a notation that the magazine had been destroyed because the plaintiff failed to give timely notification of his desired disposition of the magazine. Plaintiff showed that second copy to the mail room and asked that Officer Tafoya review the CDOC's records regarding the magazine disposition to ensure the accuracy of Officer Tafoya's notation that the magazine had been destroyed. Officer Tafoya confirmed that the magazine had been destroyed but failed to return to plaintiff the second copy of the Notice of Rejection/Disposition of Mail form which included Tafoya's notation.

On June 24, 2010, plaintiff asked that Officer Tafoya return that document because it was evidence in ongoing litigation (this case) of which Officer Tafoya was aware. The following day Officer Tafoya gave plaintiff a photocopy of that second copy in which the bottom of the form with the notation was cut off. (See Pl.'s Ex. 1, Docket No. 55 at 12). Plaintiff then contacted Officer Tafoya by letter (Pl.'s Ex. 2, Docket No. 55 at 14) in which plaintiff advised that the bottom of the copy he was given was cut off, and he asked for another copy without any flaws or alterations. Plaintiff was summoned to the mail room on June 28, 2010, by Officer Tafoya who advised plaintiff that another copy of that document would be provided only after her notation was concealed by "white-out." She said she had just folded over the bottom of the form, but she could white out her notes and give him a copy if plaintiff wanted. Plaintiff asked her not to do that, as it would be tampering with evidence. Tafoya then said she was not giving him another copy and that plaintiff would have to go through the proper channels if he wanted another copy.

4

Based upon the above, plaintiff seeks a temporary restraining order ("TRO") and a preliminary injunction ("PI") "restraining and enjoining, respectively, Defendant [CDOC], its officers, agents, servants, employees, attorneys and all other person in active concert or participation therewith, from destroying, altering, concealing or otherwise spoliating relevant evidence that is material to the claims set forth in Plaintiff's Third Amended Complaint, and for such other and further relief as to the Court seems just and proper." (Docket No. 55 at 8).

Defendants timely filed a Response (Docket No. 62). The court has considered the motion (Docket No. 55), the Response (Docket No. 62), the exhibits submitted by the parties, the court's file, and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed, makes the following findings, conclusions, and recommendation that the plaintiff's motion be denied.

Although the plaintiff is proceeding without counsel, defendants point out in their Response that the plaintiff was a practicing attorney who was disbarred in 2005. (See Docket No. 62-2 - Colorado Supreme Court Attorney Disciplinary History for William Hunsaker, Jr., indicating final order of disbarment was entered June 13, 2005). In any event, in an abundance of caution, this court has construed his pleading liberally and held it to a less stringent standard than formal documents drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Nevertheless, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

As this court stated in its previous report and recommendation, injunctive relief is an extraordinary remedy that should be granted only when the moving party clearly and

unequivocally demonstrates its necessity.  See Schrier v. University of Colo., 427 F.3d

1253, 1258 (10th Cir. 2005).  In the Tenth Circuit, the party requesting a TRO or a PI

must establish that: (1) the party will suffer irreparable injury unless the injunction

issues; (2) the threatened injury outweighs whatever damage the proposed injunction

may cause the opposing party; (3) the injunction, if issued, would not be adverse to the

public interest; and (4) there is a substantial likelihood of success on the merits.  See

Id.; Brode v. Chase Home Finance, LLC, 2010 WL 1258066, *2 (D. Colo. Mar. 25,

2010).

This court previously found that plaintiff has not shown a likelihood of success on

the merits of his claims in this case.  (Docket No. 57 at 10).  This court further finds that

in the instant motion, plaintiff has not established irreparable injury should the court not

enter the relief sought because he has not shown spoliation of any potentially relevant

evidence in this case.  Defendants have shown that the relevant pages of the magazine

at issue have been preserved[1] (see Defs.' Ex. E, Docket No. 62-5 at 4-11) pursuant to

AR 300-26 which requires the facility's administrative head to "retain copies of the

censored material (e.g., the material which forms the basis of the censorship decision),

a copy of the cover page of the publication (if applicable), the original 'Offender Reading

Material Evaluation and Appeal form (Attachment 'A,' Parts 1 and 2) and the original

Central Reading Committees [sic] decision for the current fiscal year and the previous

four years."  (Defs.' Ex. D, Docket No. 62-4 at 5, AR 300-26 at p. 5, § IV, H).  In

addition, another copy of the complete March 2010 Maxim magazine could be obtained

---

[1]The preserved pages show that the magazine contained five or more pages of pictures that are contrary to plaintiff's individualized rehabilitation.

from the publisher if necessary.  Therefore, there has been no spoliation.

Furthermore, there has been no showing that Officer Tafoya has actually tampered with

any evidence.  In fact, defendants have filed with their Response a copy of the

document at issue which includes the hand-written notation.  (Defs.' Ex. E, Docket No.

62-5 at 3).  In addition, aside from the colloquy plaintiff alleges he had with Tafoya,

plaintiff has not made any showing that suggests that defendants or anyone at the

CDOC has destroyed or intends to destroy evidence in this case.

Based upon the findings above, this court finds that the plaintiff has not clearly

and unequivocally demonstrated the necessity of a TRO and/or a PI.

**WHEREFORE,** for the foregoing reasons it is hereby

**RECOMMENDED** that the Plaintiff's Verified Motion for Temporary Restraining

Order and for Preliminary Injunction **(Docket No. 55)** be **denied**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**
**the parties have fourteen (14) days after service of this recommendation to serve**
**and file specific written objections to the above recommendation with the District**
**Judge assigned to the case.  A party may respond to another party's objections**
**within fourteen (14) days after being served with a copy.  The District Judge need**
**not consider frivolous, conclusive, or general objections.  A party's failure to file**
**and serve such written, specific objections waives *de novo* review of the**
**recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**
**(1985), and also waives appellate review of both factual and legal questions.**
**Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley**

**v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date: July 27 , 2010                                s/ Michael J. Watanabe
      Denver, Colorado                         Michael J. Watanabe
                                       United States Magistrate Judge