IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-01479-REB-MJW

WILLIAM J. HUNSAKER, JR.,

    Plaintiff,
v.

JAMES JIMERSON,
MICHELLE NYCZ
ELIZABETH LIMBRIS,
CATHIE HOLST,
KEVIN MILYARD, individually and their official capacities as agents and employees of
    the Sterling Correctional Facility,
COLORADO DEPARTMENT OF CORRECTIONS, and
ARISTEDES ZAVARAS, individually and in his official capacity as Executive Director of
    the Colorado Department of Corrections,

    Defendants.

## OVERRULING OBJECTION TO AND ADOPTING AMENDED RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Amended Recommendations on Plaintiff's Motion for Preliminary Injunction (Docket No. 47) and Defendants' Motion To Dismiss Plaintiff's Third Amended Complaint (Docket No. 38)** [#57],[1] filed July 9, 2010; and (2) **Plaintiff's Objections to Amended Recommendations on Plaintiff's Motion for Preliminary Injunction and Defendants' Motion To Dismiss Plaintiff's Third Amended Complaint** [#60], filed July 23, 2010. I overrule the objections and adopt the recommendations. Accordingly, I deny plaintiff's motion for preliminary

---

[1] "[#57]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

injunction and grant defendants' motion to dismiss in part.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendations to which objections have been filed, and have considered carefully the recommendations, objections, and applicable caselaw. Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). The recommendations are detailed and well-reasoned. Contrastingly, plaintiff's objections are imponderous and without merit.[2]

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the

---

[2] Plaintiff appears to be operating under the misapprehension that he need not allege specific facts to support his conclusory legal allegations. He apparently relies on an interpretation of the applicable standard that has been supplanted since the time plaintiff practiced law. Under the current standard, to survive a motion to dismiss, the complaint must "'contain[] enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "'[P]lausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." **Robbins v. Oklahoma**, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting **Twombly**, 127 S.Ct. at 1974; internal citations, quotation marks, and footnote omitted). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Ridge at Red Hawk**, 493 F.3d at 1177 (emphases in original).

Plaintiff also seems to believe that he may overcome any infirmities in his pleading by reference to allegations not specifically set forth in the Third Amended Complaint or to evidence he intends to produce at trial. Neither tactic is an appropriate response to a properly supported motion to dismiss where the complaint itself fails to substantiate a viable claim for relief.

magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Amended Recommendations on Plaintiff's Motion for Preliminary Injunction (Docket No. 47) and Defendants' Motion To Dismiss Plaintiff's Third Amended Complaint (Docket No. 38)** [#57], filed July 9, 2010, are **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in **Plaintiff's Objections to Amended Recommendations on Plaintiff's Motion for Preliminary Injunction and Defendants' Motion To Dismiss Plaintiff's Third Amended Complaint** [#60], filed July 23, 2010, are **OVERRULED**;

3. That plaintiff's **Motion for Preliminary Injunction** [#47], filed March 3, 2010, is **DENIED**;

4. That **Defendants' Motion To Dismiss Plaintiff's Third Amended Complaint** [#38], filed September 3, 2009, is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. That the motion is **GRANTED** with respect to the following claims of the **Third Amended Complaint** [#37], filed August 17, 2009, which claims are **DISMISSED WITH PREJUDICE**:

        (1) All claims as against the Colorado Department of Corrections, which are barred by the Eleventh Amendment; and

        (2) All claims for money damages against the individual officers in

3

their official capacities;[3]

 b. That the motion is **GRANTED** also with respect to the following claims of the **Third Amended Complaint** [#37], filed August 17, 2009, which claims are **DISMISSED WITHOUT PREJUDICE**:

  (1) The First Claim for Relief insofar as it asserts claims for violations of plaintiff's due process and equal protection rights under the Fifth and/or Fourteenth Amendments;

  (2) The First Claim for Relief insofar as it asserts a facial challenge that AR 300-26A violates plaintiff's right of free speech under the First Amendment;

  (3) The Second Claim for Relief; and

  (4) The Third Claim for Relief; and

 c. That the motion is **DENIED** with respect to the First Claim for Relief insofar as it asserts an as applied challenge that the individual defendants in their individual capacities violated plaintiff's right of free speech under the First Amendment in applying AR 300-26A to censor his mail;

5. That defendant, Colorado Department of Corrections, is **DROPPED** as a named party defendant to this action, and the case caption **AMENDED** accordingly;

6. That at the time judgment enters, judgment **SHALL ENTER** on behalf of

---

[3] Although the final summary of the recommendations does not distinguish between money damages and other types of relief sought herein, the actual text makes clear that the magistrate judge recommends dismissing only the claims for money damages. Plaintiff himself acknowledges, as he must, that dismissal of such damages claims against the individual officers in their official capacities is appropriate.

defendant, Colorado Department of Corrections, as to all claims for relief and causes of action asserted in this action; and

7.  That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendants, James Jimerson, Michelle Nycz, Elizabeth Limbris, Cathie Holst, Kevin Milyard, and Aristedes Zavaras, in their official capacities, as to all claims for relief and causes of action asserted in this action.

Dated August 20, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge