IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   08-cv-01479-REB-MJW

WILLIAM J.  HUNSAKER, JR.,

Plaintiff,

v.

JAMES JIMERSON,
MICHELLE NYCZ,
ELIZABETH LIMBRIS,
CATHIE HOLST,
ARISTEDES ZAVARAS, AND
KEN MILYARD,

Defendants.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the plaintiff's Motion to Compel Disclosure **(Docket No. 88)** is **denied**.  In this case, the plaintiff, a convicted sex offender, challenges defendants' censorship and denial of numerous issues of various publications based upon determinations that the material was contrary to plaintiff's rehabilitative interests and goals as a sex offender.  In this motion to compel, plaintiff apparently seeks production of such withheld publications.  Plaintiff states that defendants provided him with their Privilege Log in which approximately 328 pages of documents are claimed to be privileged from disclosure "[b]ecause the threshold issue involved in this case is whether Plaintiff is allowed to possess these items, censored portions of the publications cannot be produced to the Plaintiff.  Production of the materials to Plaintiff as a result of litigation would defeat the purpose of Administrative Regulation 300-26."  (Docket No. 88 at 2).  This court agrees with the defendants that production of these materials would defeat the Administrative Regulation.  Inmates cannot be permitted to circumvent and defeat this regulation and the penological purpose behind it merely by commencing litigation with respect to the withheld mail.  Plaintiff's motion to compel should thus be denied.

It is further **ORDERED** that plaintiff's Motion to Compel Discovery **(Docket No. 121) is granted in part and denied in part as follows**.  Plaintiff seeks an order compelling defendants to answer plaintiff's interrogatories 1 and 5 and to produce all

2

non-privileged responsive documents to plaintiff's request for production of documents 1, 3, and 4.

The motion is granted solely with respect to interrogatory no. 1 and request for production no. 3 as follows. Defendants shall <u>forthwith</u> make the necessary arrangements to permit plaintiff to have a supervised review of the requested Recommended Rehabilitation Report/Diagnostic Summary in accordance with § 17-40-103(2), C.R.S. Defendants shall file a status report with the court advising when such review has taken place.

The motion is denied in all other respects as set forth below.

With regard to interrogatory no. 5, in which plaintiff asks for the names of all sex offenders incarcerated in the CDOC from September 2006 to the present who maintain subscriptions and received uncensored issues of specified magazines, defendants need not answer further. The request is unduly burdensome. Defendants have responded that "[i]nformation is not tracked by what reading material is allowed, but rather by what has been reviewed by the reading committee for individual offenders for all criteria. In order to obtain the information requested, Defendants would be required to review every sex offender's personal subscriptions." (Docket No. 121 at 4).

With regard to request for production no. 1, which seeks all of the reading material addressed to plaintiff and censored during his incarceration in CDOC from September 2006 to the present, defendants need not produce the requested documents. As stated with regard to the plaintiff's other motion to compel, requiring such production would circumvent and defeat the administrative regulation and the penological purpose behind it merely by commencing litigation with respect to the withheld mail.

It is further **ORDERED** that the plaintiff's Motion for Reconsideration of Defendants' Motion for Enlargement of Time and to Strike Defendants' Response to Plaintiff's Motion for Leave to Amend Third Amended Complaint, to Join Additional Parties and to File Fourth Amended Complaint **(Docket No. 90)** is **denied**.

It is further **ORDERED** that the plaintiff's Motion for Order Granting Court Reporter Access to Correctional Facility **(Docket No. 103)** is **denied**. A court order is not required for such access. In their response, the defendants have detailed the requirements for admission to the facility, which are governed by Administrative Regulation 750-03, a copy of which defendants attached to their response. Plaintiff has had sufficient time to comply with such requirements that were provided to him by the defendants.

It is further **ORDERED** that the plaintiff's Motion for Extension of Time to Disclose Expert Witnesses Pursuant to Fed.R.Civ.P. 26(a)(2) **(Docket No. 98)**, Second Motion

3

for Extension of Time to Disclose Expert Witnesses Pursuant to Fed.R.Civ.P. 26(a)(2) **(Docket No. 112)**, Motion for Extension of Time to Disclose Rebuttal Expert Witnesses Pursuant to Fed.R.Civ.P. 26(a)(2) **(Docket No. 115)**, Second Motion to Modify Scheduling Order **(Docket No. 120),** and Motion for Extension of Time to Complete Discovery **(Docket No. 122)** are granted as follows:

**The deadline for completion of discovery is extended up to and including June 24, 2011.  The deadline for disclosure of expert witnesses is extended up to and including June 24, 2011.  Rebuttal experts shall be disclosed on or before July 15, 2011.  Dispositive motions shall be filed on or before July 15, 2011.  The final pretrial conference set for June 28, 2011, is vacated and reset to July 19, 2011, at 9:30 a.m.  The proposed final pretrial order shall be submitted on or before 12 noon on July 18, 2011.  The trial preparation conference and trial dates remain unchanged unless otherwise ordered by Judge Blackburn.**

It is further **ORDERED** that the plaintiff's Motion to Set Hearing RE: Oral Argument and Disposition of Pending Motions **(Docket No. 134)** is **denied** as moot.

Date:  May 24, 2011