IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-01479-REB-MJW

WILLIAM J. HUNSAKER, JR.,

    Plaintiff,

v.

JAMES JIMERSON,
MICHELLE NYCZ
ELIZABETH LIMBRIS,
CATHIE HOLST,
KEVIN MILYARD, individually, and
ARISTEDES ZAVARAS, individually and in his official capacity as Executive Director of
    the Colorado Department of Corrections,

    Defendants.

## ORDER ADOPTING IN PART AND REJECTING IN PART
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are the magistrate judge's **Recommendation on (1) Plaintiff's Motion for Leave To Amend Third Amended Complaint, To Join Additional Parties and To File Fourth Amended Complaint (Docket No. 78) and (2) Plaintiff's Motion for Leave To Amend and Supplement Plaintiff's Proposed Fourth Amended Complaint and To Join Additional Parties (Docket No. 118)** [#139], filed May 23, 2011; and (2) **Plaintiff's Objections to Recommendation on Plaintiff's Motion for Leave To Amend Third Amended Complaint, To Join Additional Parties and To File Fourth Amended Complaint** [#148], filed June 13, 2011. I overrule the objections and adopt the recommendation, except insofar as the magistrate judge recommends that plaintiff should be granted leave to amend his third

amended complaint to add a due process claim related to certain alleged instances in which plaintiff appealed the institutional decision but never received a ruling.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  Overall, the recommendation is detailed and well-reasoned.  Contrastingly, plaintiff's objections are imponderous and without merit.

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted, except insofar as it recommends granting plaintiff's motion for leave to amend to reassert and festoon his previously dismissed procedural due process claims to add allegations relating to appeals that allegedly were never resolved.  In that particular, I reject the magistrate judge's recommendation.

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires."  Thus, although the court has discretion, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the

opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." **Bylin v. Billings**, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation and internal quotation marks omitted), **cert. denied**, 130 S.Ct. 1506 (2010).

The allegations implicating this claim as set forth in plaintiff's proposed Fourth Amended Complaint, involve conduct that occurred in December, 2008, and January-February, 2009. Plaintiff offers no explanation why these claims were not advanced until almost two years later, and then only after multiple motions to amend already had been granted. Yet it is clear to this court that plaintiff knew or should have known of the facts giving rise to these claims long before the present motion to amend was filed. **See Minter v. Prime Equipment Co.**, 451 F.3d 1196, 1207 (10th Cir. 2006); **Pallottino v. City of Rio Rancho**, 31 F.3d 1023, 1027 (10th Cir. 1994). In the absence of any explanation for such tardiness, denial of the motion on the basis of untimeliness alone is appropriate. **Pallottino**, 31 F.3d at 1027. **See also First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.**, 820 F.2d 1127, 1133 (10th Cir. 1987) (noting that untimeliness alone is sufficient to deny a motion to amend, regardless of prejudice to defendant).

Moreover, I find and conclude that allowing this belated amendment would unduly prejudice the interests of the defendants and this court. **See Minter**, 451 F.3d at 1207 (noting that the "most important[] factor in decide a motion to amend the pleadings is whether the amendment would prejudice the nonmoving party"). The original complaint in this matter was filed July 15, 2008. A scheduling conference, however,

was not held until September 29, 2010 [#76], contemporaneously with which I entered a **Trial Preparation Conference Order** [#75], setting a four-day trial to commence, August 22, 2011.

The Scheduling Order granted plaintiff until November 15, 2010, to file his motion to file an amended complaint, with which deadline he complied [#78]. That motion was referred immediately to the magistrate judge [#79] and ripened before the start of the new year. Plaintiff's unauthorized motion to supplement his proposed Fourth Amended Complaint was filed March 28, 2011 [#118], and again, immediately referred for recommendation to the magistrate judge [#119]. A response was filed April 18 [#124], and plaintiff filed no reply. Notwithstanding, the recommendation on the motions was not issued until May 23, 2011, and did not ripen for my review until defendants filed their response on June 27 [#150].

The unfortunate timing of the pretrial evolution of this action coupled with yet another opportunity to amend would ineluctably constrain cancellation of the trial as now set. The next time I have four unencumbered days on my calender to accommodate trial of this action is mid-August, 2012. Such additional delay would be unconscionable given the age of this case and the concomitant nucleus of operative fact. To accommodate the parties sooner than August, 2012, I would be constrained to cancel at least one other trial, to the detriment and prejudice of other litigants, lawyers, and witnesses. Thus, further amendment, with its inevitable delay, would constitute extreme prejudice to both the court and defendants. *See Minter*, 451 F.3d at 1207.

**THEREFORE, IT IS ORDERED** as follows:

1. That the magistrate judge's **Recommendation on (1) Plaintiff's Motion for Leave To Amend Third Amended Complaint, To Join Additional Parties and To File Fourth Amended Complaint (Docket No. 78) and (2) Plaintiff's Motion for Leave To Amend and Supplement Plaintiff's Proposed Fourth Amended Complaint and To Join Additional Parties (Docket No. 118)** [#139] filed May 23, 2011, is **APPROVED AND ADOPTED IN PART** as an order of this court and **REJECTED IN PART** as detailed in this order;

2. That **Plaintiff's Objections to Recommendations on Plaintiff's Motion for Leave To Amend Third Amended Complaint, To Join Additional Parties and To File Fourth Amended Complaint** [#148] filed June 13, 2011, are **OVERRULED**;

3. That plaintiff's **Motion for Leave To Amend Third Amended Complaint, To Join Additional Parties and To File Fourth Amended Complaint** [#78] filed November 15, 2010, is **DENIED**; and

4. That plaintiff's **Motion for Leave To Amend and Supplement Plaintiff's Proposed Fourth Amended Complaint and To Join Additional Parties** [#118] filed March 28, 2011, is **DENIED**.

Dated August 5, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge